IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRIE JENKINS, #251 907, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:16-CV-571-MHT |
| | ) [WO] |
| ALABAMA PARDON AND PAROLE | ) |
| BOARD, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Montgomery Pre-Release Facility in Mt. Meigs, Alabama, filed this 42 U.S.C. § 1983 action on July 14, 2016. Upon initiation of this action, Plaintiff filed an application seeking leave to proceed *in forma pauperis* before this court. Doc. 2. In support of this request, Plaintiff provided financial information necessary to determine the average monthly balance in her prison account for the six-month period immediately preceding the filing of this complaint and the average monthly deposits to her inmate account during the past six months. *Id.*

After a thorough review of the financial information provided by Plaintiff and pursuant to the provisions of 28 U.S.C. § 1915(b)(1)(A), the court determined that Plaintiff owed an initial partial filing fee of $31.27. Doc. 3. The court directed Plaintiff to pay the initial partial filing fee on or before August 15, 2016. *Id.* at 2. In addition, this order specifically informed Plaintiff "that it is her responsibility to submit the appropriate paperwork to the prison account clerk for transmission of her funds to this court for payment of the initial partial filing fee." *Id.* The order also "advised [Plaintiff] that if she is unable to procure the initial partial filing fee within the time

allowed by this court she must inform the court of such inability and request an extension of time within which to file the fee." *Id*. at 3.  Moreover, the court specifically cautioned Plaintiff that failure to pay the requisite fee within the time allowed by the court would result in a Recommendation "that her case be dismissed and such dismissal will not be reconsidered unless exceptional circumstances exist." *Id*.

Plaintiff failed to pay the initial partial filing fee within the time allowed by the court.  The court, therefore, concludes that this case is due to be dismissed.  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failure to pay the initial partial filing fee under 28 U.S.C. § 1915(b)(1)(A) as ordered by this court.

It is further

ORDERED that **on or before September 14, 2016**, Plaintiff may file objections to this Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on

appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 31st day of August 2016.

                                                    /s/ Wallace Capel, Jr.
                                            UNITED STATES MAGISTRATE JUDGE